**Reverse and Remand and Opinion Filed March 9, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00390-CV

### ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST, Appellant
### V.
### MICHEL B. MORENO AND MOR MGH HOLDINGS, LLC, DALIS M. WAGUESPACK, AND TIFFANY C. MORENO, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-01025**

## MEMORANDUM OPINION

Before Justice Myers and Justice Garcia[1]
Opinion by Justice Myers

Appellant Alan Halperin, as trustee of the GFES Liquidation Trust, appeals

the trial court's order granting the special appearance filed by appellee Dalis M.

Waguespack. Appellant brings one issue arguing the trial court erred in granting the

special appearance. We reverse and remand for further proceedings.

### BACKGROUND AND PROCEDURAL HISTORY

Michel Moreno (Moreno) served as Chairman of the Board of Directors and

---

[1] Chief Justice Burns, sitting for Justice Molberg, recused himself from this matter.

CEO of Greenfield Energy Services, Inc., until its Chapter 11 liquidation in Delaware bankruptcy proceedings. During the bankruptcy, appellant Alan Halperin, trustee of the GFES Liquidation Trust (the trustee) commenced adversary proceedings against Moreno, MOR MGH (an entity he controlled), and another related entity, based on various claims.

Following a trial on the merits, the bankruptcy court found that Moreno tortiously interfered with MOR MGH's obligations because he wrongfully diverted monies intended for Greenfield and used the funds to purchase a personal home in Dallas, Texas (the Dallas property). The court recommended that damages be awarded on the trustee's tortious interference claim and that a constructive trust in the amount of $10 million be imposed on the Dallas property. The United States District Court agreed and entered final judgment against Moreno for $16,607,081 in damages and pre-judgment interest on that amount and a $10 million constructive trust on the Dallas property. *See In re Greenfield Energy Services, Inc.*, 610 B.R. 760, 764–65 (D. Del. 2019). The Third Circuit Court of Appeals affirmed the district court's judgment. *See In re Green Field Energy Services, Inc.*, 834 F. Appx 695, 698 (3rd Cir. 2020) (unpublished) (collectively, the "foreign judgment").

On January 22, 2020, the foreign judgment was domesticated in a Texas state district court (the Texas judgment) pursuant to the Uniform Enforcement of Foreign Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 35.001–.008. Moreno filed a motion to vacate the Texas judgment on February 14, 2020, arguing the Texas

–2–

homestead exemption precluded enforcement of the constructive trust.

On February 21, 2020, Moreno's wife filed a petition in intervention asserting a claim to quiet title on the Dallas property. Trustee Halperin subsequently filed a third-party petition against Moreno's sister—appellee Dalis M. Waguespack— asserting a fraudulent transfer claim. He also asserted a fraudulent transfer counterclaim against Moreno's wife. The trustee's original counterclaim and third-party petition also asserted a claim against all defendants for judicial foreclosure to enforce the Texas judgment against the Dallas property.

On September 10, 2020, the trial court signed an order denying Moreno's motion to vacate. Moreno filed a notice of appeal from that order on September 28, 2020, and on December 14, 2021, we concluded the appeal was untimely and dismissed it for want of jurisdiction. *See Moreno v. Halperin as Trustee of GFES Liquidation Trust*, No. 05-20-00858-CV, 2021 WL 5902931, at \*4 (Tex. App.— Dallas Dec. 14, 2021, no pet.) (mem. op.). In our opinion, we explained that the notice of appeal was due April 21, 2020 because the timely motion to vacate acted as a motion for new trial, and that the trial court's September 2020 order was void because the court's plenary power over the January 22, 2020 Texas judgment expired on May 6, 2020. *Id.* at \*2.

This appeal is from the trial court's order of May 7, 2021, granting appellee Waguespack's November 2, 2020 special appearance. Waguespack argued she was not subject to the jurisdiction of Texas state courts because she is a Louisiana

resident with no contacts with the forum state.

## DISCUSSION

In one issue, appellant argues the trial court erred in granting appellee Waguespack's special appearance because there are clearly sufficient contacts between the forum state, appellee, and the specific causes of action asserted against her. More specifically, appellant argues specific personal jurisdiction exists in this case because (1) the claims asserted against Waguespack all relate to her role as lienholder and obligee regarding an insider loan to a Texas resident designed to defraud creditors on real property located in Dallas County, Texas; (2) Waguespack purposefully directed her activities related to this "sham" loan transaction at the State of Texas; and (3) Waguespack took advantage of Texas law to benefit her brother and obtain a security interest in a multi-million dollar residence in Dallas.

As a matter of law, we review a trial court's personal jurisdiction determination de novo. *M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, *Inc.*, 512 S.W.3d 878, 885 (Tex. 2017). When, as in this case, the trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

Appellant does not argue general jurisdiction is available over appellee, so our inquiry is limited to specific jurisdiction, which concerns whether the nonresident defendant's alleged minimum contacts give rise to specific jurisdiction—triggered

when the plaintiff's cause of action arises from or relates to those contacts. *M & F Worldwide*, 512 S.W.3d at 886. The exercise of specific personal jurisdiction over a nonresident defendant comports with due process if a nonresident defendant has "minimum contacts" with Texas and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Id.* at 885. A defendant's minimum contacts with a forum—in this case, Texas—are established when the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id.* at 886. Three principles govern this purposeful-availment analysis:

> (1) only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or third person; (2) the defendant's acts must be purposeful and not random, isolated, or fortuitous; and (3) the defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction such that it impliedly consents to suit there.

*Id.* (quotations omitted).

For a nonresident defendant's contacts with Texas to support an exercise of specific jurisdiction, "there must be a substantial connection between those contacts and the operative facts of the litigation." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 156 (Tex. 2013) (quotation omitted). A nonresident's "directing a tort at Texas from afar is insufficient to confer specific jurisdiction." *Id.* at 157. The proper focus is on the extent of the defendant's activities in the forum, not the residence of the plaintiff. *Id.*

The absence of physical contacts with Texas does not defeat personal

jurisdiction so long as the defendant's efforts are purposefully directed towards residents of Texas. *See Retamco Operating, Inc. v. Rep. Drilling Co.*, 278 S.W.3d 333, 339 (Tex. 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). A defendant who reaches out beyond one state and creates continuing relationships and obligations with a citizen of another state is subject to the jurisdiction of the latter state in suits based on those activities. *Id.*

The exercise of personal jurisdiction must also comply with traditional notions of fair play and substantial justice. *Moncrief*, 414 S.W.3d at 154. If a nonresident has minimum contacts with the forum, rarely will the exercise of jurisdiction not comport with traditional notions of fair play and substantial justice. *Id.* at 154–55. We consider the following factors if appropriate: (1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental social policies. *Retamco*, 278 S.W.3d at 341.

In this case, the record shows that on March 7, 2018, Michel Moreno signed two documents purporting to encumber the Dallas property. One was a promissory note dated March 7, 2018, that allegedly created a home equity line of credit (HELOC). Waguespack, "an individual and Borrower's sister," is the lender in the HELOC note. The note references the collateral for the credit as the Dallas property

located at 4425 Highland Drive, Dallas, Texas, and the note provides that payments were to be made on the indebtedness at 4514 Cole Avenue, Suite 600, Dallas, Texas 75205. The note was secured by a deed of trust (the deed of trust) from Moreno, again dated March 7, 2018.

The deed of trust states that Waguespack is the trustee for the deed of trust and that her mailing address as trustee is 4514 Cole Avenue, Suite 600, Dallas, Texas 75205. The deed of trust also identifies Waguespack, "an individual and Borrower's sister," as the lender; that she is the lender of $6.24 million to Moreno; and that her mailing address as lender is, again, 4514 Cole Avenue, Suite 600, Dallas, Texas 75205. The deed of trust requires that it may only be foreclosed on by court order and specifically requires that both the lender and the trustee abide by the provisions of the Texas Property Code. The deed of trust was filed in the Dallas County public records on June 26, 2018.

The record further reveals that on March 6, 2018, the day before the HELOC transaction closed, Waguespack became the manager of a newly formed entity, QR2DJ5UG1, LLC (the "Q" entity), for the purpose of receiving funds from MOR KM Holdings, LLC. More specifically, on March 6, 2018, Waguespack authorized the Q entity to grant 100 percent of its membership interests to MOR KM Holdings, LLC, in exchange for $4.6 million from MOR KM. MOR KM is a Texas business with its principal office and place of business located at 4514 Cole Avenue, Suite 600, Dallas, Texas, 75205, and it is undisputed that the HELOC was assigned to

MOR KM. The Q entity is a Delaware limited liability company but according to its Limited Liability Company Agreement, which Waguespack executed on March 6, 2018, its principal office is located at the same Texas address listed in the HELOC and the deed of trust, and where MOR KM maintains its principal office and place of business: 4514 Cole Avenue, Suite 600, Dallas, Texas 75205.

Appellant's third-party petition against Waguespack alleges she is the sister of a Texas resident, Michel Moreno, and an "insider" working to assist him in avoiding, delaying, or hindering creditors' collections efforts. Appellant alleges that Waguespack entered into the deed of trust on the Dallas property located at 4425 Highland Drive, Dallas, Texas. Appellant also alleges the deed of trust was made in exchange for a purported loan of $6.24 million from Waguespack, individually; furthermore, the fraudulent conveyance to Moreno's sister was made for the purpose of avoiding creditors.

Waguespack argues she did not purposefully direct any activity towards Texas. She claims the petition relies on a single alleged action, i.e., that Waguespack agreed to a HELOC—which she entered into from Louisiana, and then subsequently transferred to MOR KM—that happened to involve a Texas property. Waguespack also argues that Moreno unilaterally contacted her in Louisiana to ask her to serve as lender on the HELOC; she did not intentionally target Texas by merely receiving a call from her brother who lived here; and she sought no benefit or advantage from the HELOC or entering into the deed of trust. Waguespack further argues that "the

–8–

presence of property in a state, without more, does not automatically signify that the defendant has purposefully availed itself of the benefits and protections of state law." *Johnson v. Kindred*, 285 S.W.3d 895, 903 (Tex. App.—Dallas 2009, no pet.). And, additionally, Waguespack argues that Halperin's substantive allegations against Moreno regarding Texas homestead laws do not warrant forcing Waguespack out of her resident state to litigate this dispute in Texas.

Yet this case involves more than the "the presence of property in a state." *Id.* The deed of trust and the HELOC were between a Texas borrower (Moreno) and a lender and trustee (Waguespack) with—according to the documentation—a Texas-based mailing address. The HELOC set Texas as the place where the loan contract would be performed. The HELOC was secured by a house located in Texas, and the deed of trust is governed by Texas law. It is undisputed that the HELOC was assigned to MOR KM, which maintains its principal office and place of business in Texas. The HELOC note and the loan documentation evince a clear, specific intent by Waguespack to purposefully direct conduct towards Texas for the benefit of her brother, a Texas resident. Appellant's fraudulent transfer and declaratory judgment claims seek to avoid the lien related to the Texas real estate transaction under the Texas Uniform Fraudulent Transfer Act as a sham insider loan and foreclose on the Texas property. Accordingly, the record shows the defendant purposefully availed herself of the privilege of conducting activities here and that there is a nexus between the defendant, the litigation, and the forum state. Waguespack's assertion that the

transaction was done at the direction of Moreno cannot evade both her contacts with the forum state and the specific connection of these contacts to the cause of action being asserted against her in this case.

In a recent case from this Court, *MBM Family Trust No. 1 v. GE Oil & Gas, LLC*, No. 05-20-01103-CV, 2021 WL 4236874 (Tex. App.—Dallas Sept. 17, 2021, no pet.) (mem. op.), GE Oil & Gas, LLC, a judgment creditor of Michel Moreno, was pursuing fraudulent transfer claims related to the same home equity line of credit being pursued in this case. *Id*. at *1. There, Waguespack argued she participated in the home equity line of credit transaction only in her individual capacity as Moreno's sister and did not participate in the transaction in her capacity as trustee. *Id*. at *4. The trial court, however, denied Waguespack's special appearance, and we concluded the evidence raised at least a fact issue regarding specific jurisdiction. *Id*. at *5. Addressing whether the exercise of jurisdiction violated traditional notions of fair play and substantial justice, we concluded:

> [T]he record indicates the Trust and Waguespack are involved in providing funds to Moreno, a Texas resident, in Texas. The burden on the Trust and Waguespack in adjudicating the underlying dispute in Texas is therefore minimal. Further, it appears that Texas has a considerable interest in adjudicating the underlying dispute in its entirety, and such an adjudication will aid GE in obtaining convenient and effective relief in Texas and result in an efficient resolution of the claims between the parties.

*Id*. at *4. We reach a similar conclusion in this case.

The evidence before the trial court raised, at the very least, a fact issue regarding specific jurisdiction; therefore, we conclude the trial court erred in

granting the plea to the jurisdiction in this case. *See id.*; *see M & F Worldwide*, 512 S.W.3d at 886. We also reject the argument that the exercise of jurisdiction violates traditional notions of fair play and substantial justice. Texas has a substantial interest in resolving this dispute.

We sustain appellant's issue, reverse the trial court's order granting appellee Waguespack's special appearance, and remand for further proceedings.

210390f.p05

/Lana Myers//
LANA MYERS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALAN HALPERIN, AS TRUSTEE
OF THE GFES LIQUIDATION
TRUST, Appellant

No. 05-21-00390-CV          V.

MICHEL B. MORENO AND MOR
MGH HOLDINGS, LLC, DALIS M.
WAGUESPACK, AND TIFFANY
C. MORENO, Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-01025.
Opinion delivered by Justice Myers.
Justice Garcia participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial

court's order granting the special appearance filed by appellee **DALIS M.**

**WAGUESPACK**, and this cause is **REMANDED** to the trial court for further

proceedings.  It is **ORDERED** that appellant **ALAN HALPERIN, AS TRUSTEE**

**OF THE GFES LIQUIDATION TRUST**, recover his costs of this appeal from

appellee **DALIS M. WAGUESPACK**

Judgment entered this 9th day of March, 2022.